United States District Court
Southern District of Texas
**ENTERED**
October 13, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Dana Bowman, *Plaintiff,* | § § § | |
| v. | § § | Civil Action H-22-2106 |
| Shadowbriar Apartments, LLC, and Ali Reza Ahly, *Defendants/Third-Party Plaintiffs,* | § § § § § | |
| v. | § § | |
| Hachem K. Domloj, CIVE, Inc., Ben Sanders McMillan III, IDG Architects, Inc., *Third-Party Defendants.* | § § § § | |

## MEMORANDUM AND ORDER

Pending before the court is Third-Party Defendants Ben McMillan, III, and IDG Architects, Inc.'s (Third-Party Defendants) Motion to Dismiss. ECF No. 33. The parties consented to the jurisdiction of the undersigned magistrate judge, and the district judge transferred the case to the undersigned for all further proceedings, including entry of final judgment. ECF Nos. 9–11, 39, 42. As discussed below, Third-Party Defendants' Motion to Dismiss is **DENIED**.

### *1. Procedural Background*

Plaintiff Dana Bowman filed his Complaint on June 28, 2022, alleging violations of the Fair Housing Act's (FHA), 42 U.S.C. §§ 3601–3619, accessibility requirements at the Briar Apartments. ECF No. 1. According to the Complaint, Defendant

Shadowbriar Apartments, LLC, (Shadowbriar) is the owner of Briar Apartments, and Defendant Ali R. Ahly is the principal of Shadowbriar. *Id.* ¶¶ 10–11. In the Complaint, Bowman alleges that Shadowbriar and Ahly participated in the design and construction of the Briar Apartments in part by hiring contractors to perform those tasks. *Id.*

At the time of the filing of the Complaint, Bowman had "recently visited the [Briar Apartments] and looked at one or more units." ECF No. 1 ¶ 21. Bowman alleges that he "observed and encountered accessibility barriers that would interfere with his ability to access and use the facilities" and that "[t]hese were a deterrent to a disabled person['s] . . . renting an apartment." *Id.* Among other such barriers, Bowman observed "excessively high thresholds," inadequate clearance on interior doors, and light switches that were inaccessible from a wheelchair. *Id.* ¶¶ 28–29. Bowman alleges that the barriers he observed violate the design and construction requirements of both the FHA and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq. Id.* ¶¶ 27–36. Bowman seeks damages, injunctive relief, declaratory relief, costs, and attorney's fees. *Id.* at 10–11.

On April 12, 2023, Defendants/Third-Party Plaintiffs Shadowbriar and Ahly (Third-Party Plaintiffs) filed a complaint against Hachem K. Domloj, CIVE, Inc., McMillan, and IDG, which collectively provided architectural and engineering services for the construction of Briar Apartments. ECF No. 21 ¶¶ 3–6, 9–13. Third-Party Plaintiffs allege that the four third-party defendants breached "their contractual and professional obligations to design the [Briar Apartments] consistent with minimum accessibility standards[.]" *Id.* ¶ 16. Third-Party Plaintiffs assert that, to the extent that Bowman is able to prove his claims against them, Domloj, CIVE, Inc., McMillan, and IDG are liable to Third-Party

Plaintiffs "for all resulting damages and other relief obtained by Mr. Bowman." ECF No. 21 ¶ 8.

The court initially struck the Third-Party Complaint from the docket "[b]ecause leave to add new parties was not properly supported by good cause," but, on reconsideration, the court reinstated the Third-Party Complaint. ECF No. 22 at 1; ECF No. 27 at 1. On June 8, 2023, Third-Party Defendants McMillan and IDG filed this motion to dismiss the Third-Party Complaint for lack of subject matter jurisdiction and failure to state a claim. ECF No. 33. Domloj and CIVE, Inc., did not move for dismissal of the third-party claims.

### 2. Motion to Dismiss Standard

A court may dismiss an action for lack of subject matter jurisdiction "under Rule 12(b)(1) based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The party asserting jurisdiction has the burden to prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.*

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" A motion to dismiss under Rule 12(b)(6) "is not meant to resolve disputed facts or test the merits of a lawsuit." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

### 3. Analysis

The court first addresses subject matter jurisdiction. Third-Party Defendants argue that the court lacks jurisdiction because Third-Party Plaintiffs do not have standing and their

3

claims are not ripe. *See* ECF No. 33 at 3–5. The focus of these arguments is the assertion that Third-Party Plaintiffs can show no injury because they request relief only in the event that they are found liable to Plaintiff Bowman. Third-Party Defendants argue that, as a result, Third-Party Plaintiffs have not yet suffered any injury and that any injury alleged is speculative.

Federal Rule of Civil Procedure 14(a)(1) addresses this very situation and allows a defendant, as a third-party plaintiff, to file a complaint against "a nonparty who is or may be liable to it for all or part of the claim against it." The whole point of Rule 14 is to allow a defendant to implead a third party against whom the defendant can state a basis for derivative liability. *See Vinmar Overseas, Ltd. v. OceanConnect, LLC*, Civil Action No. H-11-4311, 2012 WL 5989206, at *3 (S.D. Tex. Nov. 29, 2012) (quoting *Hassan v. La. Dep't of Transp. & Dev.*, No. 98-31224, 1999 WL 642861, at *2 (5th Cir. July 26, 1999) (stating that Rule 14(a) "exists to bring in third parties who are *derivatively* liable to the impleading party")). Third-Party Defendants fail to show any issue with standing or ripeness. The court has subject matter jurisdiction over the third-party claims.

The court next addresses whether Third-Party Plaintiffs have stated a claim on which relief may be granted. Third-Party Defendants raise two issues. First, Third-Party Defendants argue that the contract claim cannot stand because no contract exists between them and Third-Party Plaintiffs. *See* ECF No. 33 at 9. Third-Party Plaintiffs agree that no contract exists between these parties and, to the extent that the Third-Party Complaint can be read to include a breach of contract claim against Third-Party Defendants, Third-Party Plaintiffs withdraw that claim. *See* ECF No. 36 at 2–3. Thus, the only claim against the Third-Party Defendants is professional negligence.

4

Third-Party Defendants argue that Third-Party Plaintiffs' professional negligence claim is preempted by federal law. Third-Party Defendants rely on a 2010 Fourth Circuit opinion which held that compliance with the ADA and FHA is not delegable "in that an owner cannot 'insulate himself from liability for . . . discrimination in regard to living premises owned by him and managed for his benefit merely by relinquishing the responsibility for preventing such discrimination to another party.'" *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 602 (4th Cir. 2010) (quoting *Walker v. Crigler*, 976 F.2d 900, 904 (4th Cir. 1992) (addressing FHA claim based on sex discrimination)). Concerned with allowing a responsible party to escape *all* liability, *Equal Rights Center* held that, because "the goals of the FHA and ADA are 'regulatory rather than compensatory'" and their purposes are to provide fair housing nationwide and to eliminate discrimination against disabled persons, claims seeking full indemnification from a third party for the responsible party's failure to comply with federal law are preempted. *Equal Rights Center*, 602 F.3d at 601–02. The court found that obstacle preemption, which is a subset of conflict preemption, applied because "[a]llowing an owner to completely insulate itself from liability for an ADA or FHA violation through contract diminishes its incentive to ensure compliance with discrimination laws." *Id.* at 602.

*Equal Rights Center* specifically avoided answering the question of whether a claim for contribution would be preempted. *Equal Rights Center*, 602 F.3d at 604 n.2. That is, the court left open the question of whether an owner could seek contribution from a third party for the third party's own wrongdoing. That question, which is the issue currently before this court, was answered by the Ninth Circuit in *City of Los Angeles v. AECOM Servs., Inc.*, 854 F.3d 1149 (9th Cir. 2017).

5

The Ninth Circuit in *AECOM Services* discussed and distinguished the Fourth Circuit's *Equal Rights Center* opinion. *See AECOM Servs., Inc.*, 854 F.3d at 1155–56. In *AECOM Services*, two individuals sued the City of Los Angeles, alleging that a city bus facility failed to meet accessibility standards required by the ADA and the Rehabilitation Act. *Id.* at 1152. The City of Los Angeles filed a third-party complaint against the company hired to design and construct the facility based on a contractual indemnity provision. *Id.* The Ninth Circuit addressed the question whether the anti-discrimination provisions of the ADA and the Rehabilitation Act preempt a defendant's "state-law claims for breach of contract and *de facto* contribution against contractors who breach their contractual duty to perform services in compliance with federal disability regulations[.]" *Id.* at 1152.

The Ninth Circuit noted that the City of Los Angeles was not seeking indemnification or contribution for damage caused by *its own* regulatory failures but, rather, was seeking redress from the construction and design company for *their own* failures. *See AECOM Servs., Inc.*, 854 F.3d at 1157–58. The court found that contribution claims brought against a third-party for its own wrongdoing did not pose an obstacle to federal disability statutes. *Id.* at 1158–59; *cf. Shaw v. Cherokee Meadows, LP*, Case No. 17-CV-610, 2018 WL 3474082, at *2 (N.D. Okla. July 19, 2018) ("The court is persuaded by the Ninth Circuit's reasoning[] and concludes that the FHA, ADA, and Rehabilitation Act do not preempt contribution crossclaims). "In this sense, though styled as a claim for 'indemnification,' the City functionally seeks contribution from [the design and construction company]." *AECOM Servs., Inc.*, 854 F.3d at 1161; *see also id.* at 1156 n.3 ("Here, though the City may seek 'indemnification' for a contractor's wrong-doing, that compensation only constitutes a

6

portion of the City's total liability under federal disability statutes. In other words, the relief sought may be complete indemnification from the perspective of the *contractor's* liability; but it constitutes only partial contribution from the perspective of the *City's* liability exposure."). Not only did the court conclude that permitting a contribution claim would not be an obstacle to the statutory scheme, but it went further to find that preemption of the third-party claims against the engineers and architects would actually undermine the FHA's regulatory purpose of eliminating discrimination. *AECOM Servs., Inc.*, 854 F.3d at 1156;[1] *see also Cnty. of Livingston & Livingston Cnty. Bd. v. PSA-Dewberry, Inc.*, Case No. 19-cv-01334, 2023 WL 5962079, at *6 (C.D. Ill. Sept. 13, 2023).

The court finds *AECOM Services, Inc.*, to be persuasive and applicable to this case. Here, Third-Party Plaintiffs sued four parties that provided professional services for the design and construction of Briar Apartments. *See* ECF No. 21 ¶¶ 3–6. The complaint asserts that the named third-party defendants are liable for "all resulting damages and other relief" awarded to Bowman. *See id.* ¶ 8. The allegations in the Third-Party Complaint, however, are circumscribed to the deficiencies Bowman alleged to be in the plans and specifications that were prepared by the engineering and architectural professionals. *See id.* ¶¶ 10–13. Thus, Third-Party Plaintiffs are not seeking to pass on any liability they may have for the creation of accessibility barriers but are only seeking

---

[1] The court explained that "the *Equal Rights Center* court's concern with permitting a responsible party to completely insulate itself from Title II liability is not in play here. On the contrary, under the present circumstances, the greater concern is the potential for contractors to shield themselves from any liability they caused under both state contract law and federal disability regulations if Title II and § 504 are found to preempt Appellant's claims." *AECOM Servs., Inc.*, 854 F.3d at 1156.

redress for the third-party defendants' own errors in the plans and specifications that result in the failure to meet federal minimum accessibility requirements. This claim is not preempted for the reasons discussed above.

### 4. Conclusion

The court has subject matter jurisdiction over the Third-Party Complaint, and the claims asserted are not preempted by the FHA or the ADA. Accordingly, Third-Party Defendants' motion to dismiss is **DENIED**.

Signed at Houston, Texas on October 13, 2023.

_____

Peter Bray
United States Magistrate Judge

8